Citation Nr: 21049979
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 17-66 907
DATE: August 13, 2021

REMANDED

Entitlement to service connection for bilateral carpal tunnel syndrome is remanded.

REASONS FOR REMAND

The Veteran served on active duty from April 1960 to May 1964. 

This matter comes before the Board on appeal from a July 2017 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). In April 2019, the Veteran testified before the undersigned Veterans Law Judge (VLJ) via video conference. A transcript of the hearing is associated with the claims file.

This appeal was previously before the Board in September 2019, at which time the Board denied entitlement to service connection for bilateral carpal tunnel syndrome.

The Veteran appealed the September 2019 Board decision to the United States Court of Appeals for Veterans Claims (Court). In a March 2021 Joint Motion for Remand (JMR), the parties agreed that the September 2019 decision should be vacated and the issue remanded to the Board for further development and readjudication consistent with the motion. The Court granted the JMR in March 2021 and the issue has returned to the Board for further consideration. 

1. Entitlement to service connection for bilateral carpal tunnel syndrome is remanded.

In the March 2021 Joint Motion, the parties agreed that the Board did not ensure that VA satisfied its duty to assist the Veteran by obtaining all relevant private treatment records or provide adequate reasons and bases for finding that the evidence of record did not trigger VA's duty to assist the Veteran by providing a VA examination. 

With respect to the private treatment records, the parties agreed that there is no indication that VA attempted to obtain relevant records from the Veteran's private hand surgeon, Dr. J.M.F, from whom the Veteran reported receiving treatment since May 2013. See April 2013 VA Form 21-4142. The Board notes that, since the Joint Motion was granted, the Veteran has submitted copies of private treatment records from Dr. J.M.F., which date from May 2013 to May 2019. However, the May 2019 treatment record reflects that the Veteran was requested to follow-up in three months. See private treatment records. 

Therefore, on remand, the AOJ should request that the Veteran submit his private treatment records or authorize VA to obtain them on his behalf. 

Regarding VA's duty to provide the Veteran with a VA examination, the evidence of record reflects that the Veteran has a current disability, namely bilateral carpal and cubital tunnel syndrome. See VA treatment records dated October 2016 and April 2019. The service treatment records (STRs) also reflect that the Veteran incurred injuries to his left and right hand during service, specifically fractures to the left ring and right middle fingers for which service connection has been granted. See STRs dated July and August 1963. The post-service evidence shows the Veteran endorsed having pain in his hands that he stated began when he broke his hands during service. See July 2016 VA treatment record. The Veteran has also alleged that his current bilateral carpal tunnel syndrome disabilities may be secondary to his service-connected residual fractures of the left ring and right middle finger disabilities. See March 2021 Veteran statement. 

The foregoing evidence is, in fact, sufficient to trigger VA's duty to assist the Veteran by providing a VA examination and opinion to determine whether his current disability is directly related to the injuries incurred during service or, in the alternative, secondary to his service-connected finger disabilities. Therefore, a remand is needed to afford the Veteran a VA examination and opinion. See McLendon v. Nicholson, 20 Vet. App. 79, 81-2 (2006). 

The matters are REMANDED for the following action:

1. After obtaining the necessary authorization from the Veteran, obtain any outstanding private treatment records from Dr. J.M.F., to include records dated from May 2019 to the present. The Veteran is invited to identify and authorize VA to obtain any other outstanding treatment records related to his bilateral hand or finger disabilities.

Any VA treatment records dated from September 2019 to the present should be also obtained. 

All attempts to secure these records, and any response received, should be documented in the claims file, following the procedures set forth in 38 C.F.R. § 3.159. 

2. Schedule the Veteran for a VA examination to determine the nature and likely etiology of his bilateral carpal and cubital tunnel syndrome disability. The Veteran's claims file must be made available to the examiner.

Following review of the claims file and examination of the Veteran, the examiner must address the following:

(a) Is it at least as likely as not (50 percent or higher degree of probability) that the Veteran's current bilateral carpal and/or cubital tunnel disability was incurred during or as a result of his active service, to include the left and right hand injuries he incurred or any other activities or duties her performed therein?

(b) Is it as likely as not (i.e., a probability of 50 percent) that the Veteran's current bilateral carpal and/or cubital tunnel disability was caused by his service-connected residual fracture of the left ring or right middle finger disabilities, to include any manifestations thereof?

(c) Is it as likely as not (i.e., a probability of 50 percent) that the Veteran's current bilateral carpal and/or cubital tunnel disability is/has been aggravated by his service-connected residual fracture of the left ring or right middle finger disabilities, to include any manifestations thereof?

(d) A clear, well-reasoned rationale must be provided for all opinions, with consideration of the lay and medical evidence.

 

 

M. Donohue

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Turnipseed, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.